THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* BENÍTEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 901.—Decided December 24, 1915.

INFORMATION.—An information need not allege the section of the Penal Code which has been violated or the particular offense.

ID.—ASSAULT AND BATTERY—JUDGMENT.—The judgment need not specify the grade of the crime in a case of assault and battery if the information and the proof show the offense.

ASSAULT AND BATTERY—AGGRAVATING CIRCUMSTANCES.—Under subdivision 6 of section 6 of the Act of March 10, 1904, an assault and battery committed with the butt or handle of a whip does not make the assault aggravated. What aggravates the offense is the use of the whip in the ordinary way so as to inflict disgrace.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This case is similar in some respects to the case of *People* v. *Dávila,* just decided. The complaint charges an assault and battery with a whip. The complaint therefore is sufficient. It makes no difference that no words characterizing the offense as aggravated are included in the complaint. Neither the section of the Penal Code nor the particular offense need be alleged. *People* v. *Behn,* 13 P. R. R. 1; *People* v. *Falcastro,* 17 P. R. R. 88. See for parity of reasoning the decision of this court in the case of *People* v. *Vilches,* 12 P. R. R. 188, where the court held that a judgment need not specify the grade of the crime in assault and battery if the complaint and the proof showed the offense.

But the proof in this case showed that the battery was committed with the handle or butt of the whip. Hence, as the

instrument of offense was not used in the manner of the whip, there was nothing to bring the offense within the provision of the Act of March 10, 1904, making an assault and battery aggravated if the instrument used was a whip or the like, especially calculated to inflict disgrace. While an assault and battery may be committed with the handle of a whip, the offense committed is not the special indignity that the statute contemplates. The whip is then like any other ordinary stick, and the reasoning of Mr. Chief Justice Roberts in the case of *Skidmore* v. *The State,* 43 Texas 96, 97, is applicable. The court was in error in pronouncing a judgment of assault and battery with aggravated circumstances.

On the other hand, the proof tends to support the complaint in so far as it charges a simple assault and battery. There was a conflict of proof, but we find no reason to disturb the resolution of the conflict made by the court below. The assault and battery was a serious one, enough to support a charge of aggravated assault and battery under No. 7 of section 6 of the Act of March 10, 1904, if the complaint had been properly drawn. *People* v. *Marini,* 22 P. R. R. 10.

The judgment must be modified to a fine of $50, or, in default thereof, to one day of imprisonment in jail for each dollar not satisfied, and the costs.

*Modified.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.